UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE C. MCCOY, ADMINISTRATOR OF THE ESTATE OF DECEASED JAMES FITZPATRICK, | ) ) ) | CASE NO.:  1:19CV-00611 |
| | ) | JUDGE:  CHRISTOPHER A. BOYKO |
| Plaintiff, | ) ) | **ANSWER OF DEFENDANTS CITY OF** |
| | ) | **ELYRIA, OHIO, DONALD MOSS,** |
| vs. | ) | **WILLIAM PELKO, DETECTIVE** |
| | ) | **SUMPTER AND DETECTIVE** |
| CITY OF ELYRIA, OHIO, et al,, | ) | **MIRACLE** |
| | ) | |
| Defendants. | ) | |
| | ) | *(Jury Demand Endorsed Hereon)* |

Now come Defendants, City of Elyria, Ohio, Donald Moss, William Pelko, Detective Sumpter and Detective Miracle, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to Plaintiff's Complaint state the following:

**FIRST DEFENSE**

1.      In reply to the allegations contained in the first unnumbered paragraph of Plaintiff's Complaint, Defendants admit that James Fitzpatrick was detained at a certain point in the Elyria Police Department, that he committed suicide in a holding cell and the nature of this action.  Further pleading, Defendants deny all liability and deny or deny for want of information all other allegations contained in said first unnumbered paragraph.

2.      In reply to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 but deny or deny for want of information all other allegations contained in said Paragraph 1.

3.      Defendants admit that supplemental jurisdiction exists for some claims in this action as asserted in Paragraph 2 of Plaintiff's Complaint deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph 2.

4.      In reply to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendants admit that venue in this Court is proper but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph 3.

5.      Defendants deny or deny for want of information all allegations contained in Paragraphs 4 and 5 of Plaintiff's Complaint.

6.      In reply to the allegations contained in Paragraphs 6, 7, 8 and 9 of Plaintiff's Complaint, Defendants admit that Defendants Moss, Pelko, Sumpter and Miracle were employed as law enforcement officers by the City of Elyria at all pertinent times herein and the nature of this action against them but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraphs 6, 7, 8 and 9.

7.      In reply to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendants admit that Defendant Elyria is a political subdivision organized under the laws of the State of Ohio located within the geographical boundaries of the Northern District of Ohio, that it is subject to suit under 42 U.S.C. § 1983 and that was the employer of Defendants, Moss, Pelko and Sumpter at all pertinent times herein.  Further pleading, Defendants deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph 10.

8.      Defendants deny or deny for want of information all allegations contained in Paragraph 11 of Plaintiff's Complaint.

9.      Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

10.     In reply to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendants admit that Fitzpatrick was arrested on or about March 20, 2017 at approximately 9: 30 a.m. by members of the Elyria Police Department and that Defendants Sumpter, Pelko, Moss and

Miracle were present at the time.  Further pleading, Defendants deny or deny for want of information all other allegations contained in said Paragraph 13.

11.  Defendants deny or deny for want of information all allegations contained in Paragraphs 14, 15 and 16 of Plaintiff's Complaint.

12.  In reply to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendants admit that Fitzpatrick told persons on the scene of his arrest that they should sell his tools but deny or deny for want of information all other allegations contained in said Paragraph 17.

13.  In reply to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendants admit that Defendants Pelko and Moss transported Fitzpatrick to the Elyria Police Department, arriving at approximately 10:30 a.m., after which Fitzgerald was booked into the holding facility.  Further pleading, Defendants deny or deny for want of information all other allegations contained in said Paragraph 18.

14.  Defendants deny or deny for want of information all allegations contained in Paragraphs 19 and 20 of Plaintiff's Complaint.

15.  In reply to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendants admit that Defendant Moss searched Fitzpatrick's person and took several items from him but did not remove Fitzpatrick's shoes or shoe laces.  Further pleading, Defendants deny or deny for want of information all other allegations contained in said Paragraph 21.

16.  In reply to the allegations contained in Paragraph 22 of Plaintiff's Complaint, Defendants admit that Fitzpatrick was placed into holding cell L1 inside the Elyria Police Station but deny or deny for want of information all other allegations contained in said Paragraph 22.

17.  Defendants admit the allegations contained in Paragraphs 23, 24 and 25 of Plaintiff's Complaint.

18.     In reply to the allegations contained in Paragraph 26 of Plaintiff's Complaint, Defendants admit that Defendants Pelko, Moss and Miracle entered Fitzpatrick's cell and found him hanging from a ceiling vent near the toilet with shoe laces tied around his neck and that he appeared lifeless.  Further pleading, Defendants deny or deny for want of information all other allegations contained in said Paragraph 26.

19.     Defendants deny or deny for want of information all allegations contained in Paragraphs 27 and 28 of Plaintiff's Complaint.

20.     Defendants admit the allegations contained in Paragraph 29 of Plaintiff's Complaint.

21.     In reply to the allegations contained in Paragraph 30 of Plaintiff's Complaint, Defendants admit that Fitzpatrick's body was cut down from the ceiling after the arrival of the Lorain County Coroner's Office representatives but deny or deny for want of information all other allegations contained in said Paragraph 30.

22.     Defendants deny or deny for want of information all allegations contained in Paragraphs 31, 32, 33, 34, 35 and 36 of Plaintiff's Complaint.

23.     In reply to the allegations contained in Paragraph 37 of Plaintiff's Complaint, Defendants restate their admissions and denials as set forth hereinabove.

24.     In reply to the allegations contained in Paragraph 38 of Plaintiff's Complaint, Defendants admit the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph 38.

25.     Defendants deny or deny for want of information all allegations contained in Paragraphs 39, 40, 41, 42 and 43 of Plaintiff's Complaint.

26.     In reply to the allegations contained in Paragraph 44 of Plaintiff's Complaint, Defendants restate their admissions and denials as set forth hereinabove.

27.     In reply to the allegations contained in Paragraphs 45, 46 and 47 of Plaintiff's Complaint, Defendants state that the statutory references contained therein are matters of law and the allegations in said paragraphs are denied to the extent they depart therefrom.  Further pleading, Defendants deny or deny for want of information all other allegations contained in said Paragraphs 45, 46 and 47.

28.     Defendants deny or deny for want of information all allegations contained in Paragraphs 48, 49, 50 and 51 of Plaintiff's Complaint.

29.     In reply to the allegations contained in Paragraph 52 of Plaintiff's Complaint, Defendants restate their admissions and denials as set forth hereinabove.

30.     Defendants deny or deny for want of information all allegations contained in Paragraphs 53, 54, 55, 56, 57, 58 and 59 of Plaintiff's Complaint.

31.     In reply to the allegations contained in Paragraph 60 of Plaintiff's Complaint, Defendants restate their admissions and denials as set forth hereinabove.

32.     Defendants deny or deny for want of information all allegations contained in Paragraphs 61, 62, 63 and 64 of Plaintiff's Complaint.

33.     In reply to the allegations contained in Paragraph 65 of Plaintiff's Complaint, Defendants restate their admissions and denials as set forth hereinabove.

34.     Defendants deny or deny for want of information all allegations contained in Paragraphs 66 and 67 of Plaintiff's Complaint.

35.     In reply to the allegations contained in Paragraph 68 of Plaintiff's Complaint, Defendants admit the nature of this action but deny all liability and further deny or deny for want of information all other allegations contained in said Paragraph 68.

36.     Defendants deny or deny for want of information all allegations contained in Paragraphs 69, 70 and 71 of Plaintiff's Complaint.

37.     Defendants deny any and all allegations contained in Plaintiff's Complaint which are not specifically admitted hereinabove.

## SECOND DEFENSE

38.     Plaintiff's Complaint fails to state a claim upon which relief can be granted at some or all respects.

## THIRD DEFENSE

39.     Defendants acted in good faith at all pertinent times herein.

## FOURTH DEFENSE

40.     Statute of limitations.

## FIFTH DEFENSE

41.     Plaintiff has failed to exhaust administrative remedies.

## SIXTH DEFENSE

42.     Qualified good faith immunity.

## SEVENTH DEFENSE

43.     Defendants are entitled to all immunities, damage limitations, damage set offs, and other benefits accorded them under R.C. Chapter 2744 and/or Ohio common law by reason of their status as a political subdivision or employees of a political subdivision.

WHEREFORE, having fully answered, Defendants pray that Plaintiff's Complaint be dismissed, and that they go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/James A. Climer*

6

JAMES A. CLIMER (0001532)
AMILY A. IMBROGNO (0092434)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jclimer@mrrlaw.com
                 aimbrogno@mrrlaw.com

OF COUNSEL:   SCOTT SERAZIN (6980)
City of Elyria
131 Court Street, #201
Elyria, OH  44035
(440) 326-1464
Email:  sserazin@cityofelyria.org

Counsel for Defendants City of Elyria, Ohio,
Donald Moss, William Pelko, Detective Sumpter
and Detective Miracle

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is

hereby demanded.

*s/James A. Climer*
JAMES A. CLIMER (0001532)

Counsel for Defendants City of Elyria, Ohio,
Donald Moss, William Pelko, Detective Sumpter
and Detective Miracle

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2019, a copy of the foregoing Answer of Defendants City of Elyria, Ohio, Donald Moss, William Pelko, Detective Sumpter and Detective Miracle was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/James A. Climer*
JAMES A. CLIMER (0001532)

Counsel for Defendants City of Elyria, Ohio,
Donald Moss, William Pelko, Detective Sumpter
and Detective Miracle

ONEBGC-190110D/Answer of Defendants